Samuel Goodman, Wm. E. Goodman and Joseph E. Goodman, trading as Harrington & Goodman, Appellants, v. The Merchants' Despatch Transportation Company.

*Evidence—Shipping receipt—Bill of lading.*

When a shipping receipt provides that: "The acceptance of this receipt for goods made subject to the provisions of the bill of lading of this company makes this an agreement between the M. D. T. Co. and carriers engaged in transporting said goods and all parties interested in the property," such a provision in the receipt entitled parties to have the bill of lading in evidence as part of such agreement.

*Common carriers—Evidence—Bill of lading—Question for jury.*

A suit was brought by plaintiffs against a common carrier for alleged misdelivery of goods consigned to R. of Tyler, Texas, by delivering same to M. at Dallas, Texas. *Held,* That it was error to direct a verdict for defendant, and that under the evidence it was for the jury to decide the facts as to the purchase by and delivery to M. What the contract was, whether the defendant was liable as common carrier or merely as forwarding merchant, and whether or not plaintiffs are estopped, by reason of delay in making their claim or by the acceptance of part of price of goods forwarded from the person who received them, were questions which will be properly raised under the contract, which, in view of the rejection of the bill of lading, was not fully in evidence and is not now a part of the record.

*Evidence—Reading parts of depositions—Rights of other party to balance.*

Where portions of depositions are read in evidence by plaintiff the remainder can be read by defendant as cross-examination. The time for the introduction of such parts of the depositions as were not used by the plaintiffs was within the discretion of the court.

Argued Dec. 18, 1896.   Appeal, No. 172, Nov. T., 1896, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., March T., 1895, No. 1052, on verdict for defendant.   Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Reversed.

Assumpsit for misdelivery of goods by common carrier.

There was evidence tending to show, that plaintiffs sold on February 18, 1890, certain goods of the value of $430.69 to W. B. Robinson, of Tyler, Texas, and gave them to the Merchants' Despatch Transportation Co. for transportation, consigned to W. B. Robinson, of Tyler, Texas.   The transportation company gave plaintiffs a shipping receipt for these goods consigned as stated.

These goods were safely, promptly, and properly carried from Philadelphia to Tyler, Tex., and shortly after their arrival they were, upon the order of one A. J. Michell (who in 1889, and up to January 1, 1890, had been conducting business in Tyler, Tex., either under the name of, or as agent for, W. B. Robinson, of Palestine, Tex.), carried by the Pacific Express Company to Dallas, Tex., and at the latter place in April, 1890, delivered to Michell & Co., in which name said Michell was then doing business in Dallas.

Although Harrington & Goodman knew, at least some time prior to September 18, 1890, that these goods had been delivered to Michell & Co., it does not appear that any notice was ever given to the Merchants' Despatch Transportation Company or to any of the carrying lines or to the delivering company that the goods had not been properly delivered, nor does it appear that any claim on account of the alleged loss to the shippers was presented to them or to any of them, until after September 9, 1891.   During the period intervening between the arrival of these goods at destination and September 9, 1891, Harrington & Goodman corresponded with Michell & Co. in respect of the goods, repeatedly demanded payment for them from Michell & Co., drew upon Michell & Co. for the balance due thereon, and received from Michell & Co. a payment of $50.00 on account thereof, and credited the same on the bill for the goods in question.

On September 9, 1891, Harrington & Goodman's cashier called

at the office of the Merchants' Despatch Transportation Company, on South Fourth street, Philadelphia, with the original shipping receipt, dated February 18, 1890, and made to the clerk there at the time some explanation, which on the trial of this case, upon appellants' objection, the cashier was not permitted to state, whereupon the clerk signed and retained a bill of lading and handed a duplicate thereof to said cashier.

By agreement of counsel a commission and testimony taken thereunder and on file as of June term, 1892, No. 1031, was permitted to be used by either party to above suit as if the same had been issued and returned in this suit.

The court directed a verdict for the defendant as follows:

The Court: "These goods were sold to Michell in the name under which he was then buying goods, and under which he had been buying goods from the plaintiffs; were sent to him, were delivered to him and were partly paid for by him. Under these circumstances there has been no wrong delivery, and therefore a verdict is directed for the defendant."

*Errors assigned* were, (1) in not admitting the bill of lading, produced by defendant on plaintiffs' call, and offered by plaintiffs; (2) the learned judge erred, after he had admitted in evidence the first, second, third and tenth direct interrogatories and answers thereto, and second cross interrogatory and answer thereto in the deposition of A. J. Michell, taken by defendant under a commission, which interrogatories and answers were offered by plaintiff, in permitting the defendant to offer and read in evidence in plaintiff's case, and as cross-examination the fourth, fifth, sixth, seventh, eighth, ninth, eleventh and twelfth interrogatories and answers thereto in the same deposition; (3–11) assigned error specifically in the admission of each interrogatory covered by second assignment of error, reciting same; (12–14) to the charge of the court directing a verdict for the defendant.

*Wm. H. Burnett*, with him *Sheldon Potter* and *John Sparhawk, Jr.*, for appellants.—If a deposition be taken by one party, it is competent for the other to read such parts of it as tend to prove his case, leaving to the other party the right to read the other parts if they be legal evidence for him: Calhoun v. Hays,

8 W. & S. 127; Thomas v. Miller, 151 Pa. 482; 5 Am. & Eng. Ency of Law, p. 606 (b), and notes.

The shipping receipt is a contract to carry from Philadelphia to Tyler, Texas, and there deliver to W. B. Robinson: Porter on Bills of Lading, p. 558; Read v. Spaulding, 5 Bosworth (N. Y.), 395: Buckland v. Adams Ex. Co., 97 Mass. 124; Ins. Co. v. Chase, 1 E. D. Smith, 115; Christenson v. Express Co., 15 Minn. 270; Railway Co. v. Piper, 13 Kan. 376; Clyde v. Hubbard, 88 Pa. 358.

That a wrong delivery is not a loss or damage has been decided in the following cases: Porter v. So. Ex. Co., 4 Richardson, (So. Car.) 135; Clyde v. Hubbard, 88 Pa. 358.

The defendant was bound by its contract to deliver to W. B. Robinson, at Tyler, Texas.

It is an insurer for proper delivery as well as sure carriage: Porter on Bills of Lading, p. 45, ch. 5, sec. 63; Pa. R. R. Co. v. Stern, 119 Pa. 24; Wernwag et al. v. Phila., W. & B. R. R., 117 Pa. 46.

The fact that plaintiffs received from Michell payment in amount, or demanded payment from him after they had ascertained that he had received their goods, does not authorize the inference, as matter of law that they intended him to receive their goods: 2 Am. & Eng. Ency. of Law, p. 903; B. & O. R. R. Co. v. Pumphrey, 59 Md. 390; Forbes v. B. & L. R. R. Co., 133 Mass. 154; Jellett v. St. P., M. & M. R. R. Co., 30 Minn. 265.

Where facts are in dispute or inferences are to be drawn from these facts, or the credibility of the witness is involved, the case is for a jury; Baker v. W. & C. Natural Gas Co., 157 Pa. 593; Ballman v. Heron, 160 Pa. 377; Patterson v. Dushane, 115 Pa. 334; Cover v. Manaway, 115 Pa. 338; Grambs v. Lynch, 20 W. N. C. 376; Ott v. Oyer, 106 Pa. 7; Refining and Storage Co. v. Bushnell, 88 Pa. 89; Bean v. Howe, 85 Pa. 260; Folsom v. Cook, 115 Pa. 539.

*Chas. Heebner*, with him *J. Claude Bedford*, for appellee.— Under whatever circumstances the bill of lading was obtained its execution and delivery by the clerk or agent at that late date was without the authority of his principal, and the defendant cannot be affected thereby in any way: Hough v. Doyle, 4

Rawle, 291 ; Hannay v. Stewart, 6 Watts, 487 ; Clark v. Baker, 2 Whart. 340.

As to the authority of a railway agent to give receipts, see Hematite Mining Co. v. R. R. Co., 61 Am. & Eng. R. R. Cases, 174.

If the shipping receipt constitutes the contract between plaintiffs and defendant in respect of the goods in question, a verdict should have been directed for the defendant: Grogan v. Express Co., 114 Pa. 523.

The simple receipt of goods directed to a point beyond the carrier's route does not create a special contract to carry them to destination, nor does giving the shipper a through rate: Porter on Bills of Lading, section 328 ; Jenneson v. C. & A. R. R. Co., 5 Clark (Pa.), 409 ; Mullarkey v. R. R. Co., 9 Phila. 114 ; Clyde v. Hubbard, 88 Pa. 358 ; R. R. Co. v. Forsyth, 61 Pa. 81.

A verdict should have been directed for the defendant, because the only breach of defendant's contract that was alleged, was its failure to deliver the goods in question to the proper party, and plaintiffs are estopped from asserting that said goods were not delivered to the proper party.

The case, too, is analogous to the case where one with knowledge accepts the proceeds of an unauthorized sale of his property. He is uniformly estopped to dispute the validity of the sale: Goodman v. Winter, 64 Ala. 410 ; France v. Haynes, 67 Iowa, 139 ; Schenck v. Sautter, 73 Mo. 46 ; Moore v. Hill, 85 N. Car. 218 ; Field v. Doyon, 64 Wis. 560.

The following are very similar cases, and were decided in favor of the carrier: Bush v. St. Louis, etc., Ry. Co., 3 Mo. App. 62 ; Wilson v. Adams Ex. Co., 27 Mo. App. 360 ; Edmunds v. Merchants' Des. Trans. Co., 135 Mass. 283 ; McKean v. McIvor, L. R. 6 Exch. 36 ; Hough v. London, etc., Ry. Co., L. R. 5 Exch. 51.

OPINION BY BEAVER, J., January 18, 1897 :

All the assignments of error in this case, except four, relate to a deposition taken under commission by the defendant, portions of which were used by the plaintiffs in making out their case. The deposition was used by the plaintiffs by permission of the court, under conditions which seem to be reasonable.

Having used only such portions of the deposition as suited their convenience, it was only fair that the defendant should be allowed to use the remainder, so far as it was competent evidence, as cross-examination. The time for the introduction of such parts of the deposition as were not used by the plaintiffs was within the discretion of the court. That discretion, it seems to us, was properly exercised. No part of the deposition could have been excluded on the ground of incompetency, and all the assignments of error relating thereto are, therefore, overruled.

There are practically but two questions in the case. Was the bill of lading produced by defendant on the call of the plaintiffs and offered by them properly excluded? We think not. The bill of lading which was furnished voluntarily by the defendant to the plaintiffs on the surrender of the shipping receipt was in part at least the contract between the parties. The shipping receipt provides that "The acceptance of this receipt for goods *made subject to the provisions of the bill of lading of this Company* makes this an agreement between the Merchants' Despatch Transportation Company and carriers engaged in transporting said goods and all parties interested in the property." The plaintiffs should not have been confined, therefore, to the shipping receipt, but were entitled to have the bill of lading, as to the provisions of which the receipt was made subject, in evidence as a part of the agreement between the plaintiffs and defendant. The lapse of time between the shipping of the goods and the exchange of the shipping receipt for the bill of lading was not material in the case. There was no claim for loss or damage in transportation but for a wrong delivery, after the goods reached their destination. It seems to us that the bill of lading should have been received at the time it was offered and, if the contents thereof or subsequent development of the case necessitated the limiting of its effect, it was entirely within the control of the court, and its effect could have been so limited.

The facts in the case should have been submitted to the jury. Michell's own testimony shows that he was merely agent of W. B. Robinson at Tyler, Texas, to whom the goods were addressed at the time they were ordered, and was paid by the month for conducting the business. W. B. Robinson was not merely a name under which Michell purchased goods but was

the name of a person actually in being, apparently reliable and responsible for his contracts, for whom Michell was agent. The goods previously shipped by the plaintiffs to W. B. Robinson were shipped and received during Michell's agency which continued from May, 1889 to January, 1890. It was, therefore, error for the court to say: "These goods were sold to Michell in the name under which he was then buying goods and under which he had been buying goods from the plaintiff." Whether or not the goods which are the subject of the present controversy were sent to W. B. Robinson under the arrangement alleged to have been made by Michell with Thatcher, the traveling agent of the plaintiffs, was a question for the jury. If the plaintiffs sent the goods to W. B. Robinson, Tyler, Texas, in accordance with their previous mode of making such shipments, and without any knowledge that W. B. Robinson had sold his business to Michell, and not knowing that it had been removed from Tyler, Texas, to Dallas, Texas, and the carriers for the defendant, without the plaintiffs' consent, re-shipped the goods from Tyler to Michell & Co. of Dallas, a verdict for the plaintiff could have been sustained, if the defendant were liable under its contract for a wrong delivery. What the contract was, whether or not under it the defendant is liable as common carrier or merely as forwarding merchant, and whether or not the plaintiffs are estopped, by reason of delay in making their claim or by the acceptance of a part of the price of the goods forwarded from the person who received them, are all questions which will be properly raised under the contract between the plaintiffs and defendant, which was not fully in evidence and is not now a part of the record. The first and twelfth assignments of error are sustained and the judgment is, therefore, reversed and a new venire awarded.